## The Provident Life Insurance and Investment Company
### *v.*. Baum.

29  236
124  491

29  236
159  647
159  649

Insurance.—Accident Policy.—Notice.—A was insured against loss of life in a named sum, which, by the terms of the policy, was to be paid to B, in the event of injury caused by accident, within the meaning of the policy, resulting in the death of A. There was a clause in the policy which required, "in the event of injury, within the meaning of this policy, occurring to the assured, he, or, in case of his death, his legal representatives, shall, as soon thereafter as possible, give notice thereof to the company at their office in C., or to the agent writing the policy, together with the full name, occupation and address of the assured, with full particulars of the accident or injury." A died from the effect of a gun shot wound, at a place so near C, where the office of said company was, that notice of the death of A might have been given to the company in one day thereafter. B lived at the time at the place where A died, but did not give notice to the company until eight or ten days after the death of A. The policy was in the trunk of A at C when he died, and had never been in the possession of B, nor seen by him, before the end of said eight or ten days, when he notified the company of the death of A, and the officers of the company gave him a blank form of an affidavit in regard to the death, and stated that it would be sufficient if he made it out and returned it in three or four weeks, which he did.

*Held*, that it was not necessary that B should have a pecuniary interest in the life of A to entitle him to maintain an action against the company on the policy.

*Held*, also, that the clause in the policy requiring notice of the death of the assured to be given to the company by his legal representative, as soon thereafter as possible, must receive a reasonable construction, and, under the circumstances of this case, the notice given to the company by B was sufficient.

APPEAL from the *Porter* Circuit Court.

Ray, J.—The appellee, *Napoleon Baum*, sued the appellant, in the court below, on an accident insurance policy, issued by the appellant on the life of one *Americus Baum*. The policy, as set forth in the complaint, states:

"In consideration of eighteen dollars, the receipt of which is hereby acknowledged, *The Provident Life Insurance and Investment Company* do hereby insure *Americus Baum* against loss of life in the sum of $3,000, to be paid to *Napoleon Baum*, or his legal representatives, within ninety days

after sufficient proof that the assured, at any time after the date hereof, and before the expiration of this policy, shall have sustained personal injury caused by any accident, within the meaning of this policy, and the conditions hereunto annexed, and such injuries shall occasion death within ninety days from the happening thereof; sufficient proof being furnished to this company.

"Against personal injury, in the sum of fifteen dollars per week, for a period not exceeding altogether twenty-six weeks, for any single accident, within the meaning of this policy, and the conditions hereto annexed, by which the assured shall sustain any personal injury which shall not be fatal, but which shall absolutely and totally disable him from the prosecution of his usual employment; satisfactory proof being furnished to this company."

Then it is provided, in one of the subsequent clauses, as follows:

"All sums which may, from time to time, be paid by way of compensation to the said assured, by virtue of this policy, shall be accounted in diminution of the sum hereby insured, and be indorsed on this policy, so that in case of subsequent injury, whether fatal or otherwise, during the continuance of this policy, the total amount to be paid by said company shall not, in any case, exceed the principal sum hereby insured."

The policy was declared to be for one year, and there was added, also, this clause:

"In the event of injury, within the meaning of this policy, occurring to the assured, he, or, in case of his death, his legal representatives, shall, as soon thereafter as possible, give notice thereof to the company, at their office in *Chicago*, or to the agent writing this policy, together with the full name, occupation and address of the assured, with full particulars of the accident or injury."

The complaint consisted of four paragraphs, to each of which a demurrer was overruled. The death of *Americus Baum* was alleged to have resulted from a gun shot wound.

The interest of the plaintiff in the life of the assured was stated in a somewhat different form in each paragraph.

In the first paragraph, such interest is set forth as follows: "That the said assured was the brother of the plaintiff, and, by the persuasion and advice of the defendant, the assured caused said policy to be made payable to the plaintiff."

In the second paragraph, as follows: "That the said assured was the brother of the plaintiff, and at the time of the execution of said policy, the assured, in consideration of natural love and affection, assigned the same to the plaintiff, and to avoid the expense and trouble of executing a separate instrument of assignment, authorized and directed the defendant to make the said policy payable to the plaintiff, which the assured was then and there advised by the defendant he might lawfully do, the defendant well knowing that the plaintiff was the brother of the said assured, and that the consideration of said assignment was natural love and affection, and nothing else."

In the third paragraph, as follows: "That the assured was the brother of the plaintiff, and that the plaintiff, as such brother, had an interest in the life of the assured, and that the assured, from motives of natural love and affection, caused said policy to be made payable to the plaintiff."

In the fourth paragraph, as follows: "That the said plaintiff had an interest in the life of said assured to the extent of three thousand dollars."

An answer, in several paragraphs, was filed, consisting of a general denial, and, in other paragraphs, setting up that the death was the result of suicide, and alleging that the plaintiff had no interest in the life of the deceased, on which issues were joined.

The question of interest is also raised by an instruction of the court to the jury, and is reserved by a special bill of exceptions, under section 347 of the practice act. 2 G. & H. 210. We quote from the bill of exceptions as follows:

"The cause came on," &c., "and the parties had given evidence proper to be submitted to the jury in the cause,

tending to prove that the said *Napoleon Baum,* the plaintiff, at the time of the issuing of said policy of insurance, and of the death of said *Americus Baum,* was a young man in good health, of about twenty-three years of age, not living with said assured, and in no manner dependent on him for his support, and that said *Napoleon* had no interest whatever, of a pecuniary nature, in the life of said *Americus;* and thereupon, at the proper time, the court charged the jury as follows:

"It is wholly immaterial, in this case, whether said plaintiff had or had not any interest of a pecuniary nature in the life of said *Americus."*

The bill of exceptions also states that "evidence was given to the jury on the trial, proper to be submitted to them in the case, tending to prove that the death of said *Americus Baum* occurred from a gun shot wound, in *Porter* county, *Indiana,* about six miles from *Valparaiso,* and about an hour and a half of easy travel from *Valparaiso,* which then was the post office of said plaintiff, and from which place there was a daily mail to and from *Chicago,* and that one day was sufficient time for him to go or send to *Chicago,* where was the office of said defendant; that said plaintiff was then engaged at his home, where said death occurred, in making hay, and that there was no obstacle in the way of his going or sending to said office, other than his ordinary farming operations, and that he neither gave, nor caused any notice of the death of said *Americus Baum* to be given to said company, until eight or ten days after his death; but it was also proved that said policy of insurance was, during all that time, in the trunk of said *Americus Baum,* at *Chicago,* and had never been in the possession of, or seen by said plaintiff, till the end of said eight or ten days, and that when the plaintiff, at the end of said eight or ten days, notified said company of said death, the officers of the company gave him a blank form for an affidavit in regard to said death, and stated to him that it would be sufficient if he made it out and returned it within three or four

weeks, which he did; and thereupon, at the proper time, the court gave to the jury the following charge, to-wit:

"The fact that the plaintiff did not know of the condition in the policy of insurance, in regard to notice to the company of the death of said *Americus*, if you find from the evidence that such is the fact, excused the plaintiff from such notice, until after he was informed of such condition, and the failure to give notice for such time, under such circumstances, is no ground of defense. I do not mean to say that he could wait indefinitely, but that if he, within a reasonable time, procured the policy, and on the same day gave the company verbal notice of the death, and the company then gave him a blank form of a notice, without objection as to the time, and he was, until that time, ignorant of that condition, it may be considered by the jury in deciding whether he gave the defendant notice of the death within proper time; and the jury may also take into consideration the action of the company, and the time of such action after notice, to learn the circumstances of the death. Immediate notice means notice within a reasonable time, under all the circumstances."

The position assumed by the appellant, in argument, that this policy is one of indemnity, and that the appellee must show an interest in the life of the assured, does not, we think, arise in this case. The policy in terms declares that the company insure *Americus Baum* against loss of life, in the sum of three thousand dollars. It cannot be questioned that a person has an insurable interest in his own life, and that he may effect such insurance, and appoint any one to receive the money in case of his death during the existence of such policy. It is not for the insurance company, after executing such a contract, and agreeing to the appointment so made, to question the right of such appointee to maintain the action. If there should be any controversy as to the distribution among the heirs of the deceased, of the sum so contracted to be paid, it does not concern the insurers. The appellant contracted with the insured to pay

the money to the appellee, and upon such payment being made, it will be discharged from all responsibility. So far as the insurance company is interested, the contract is effective as an appointment of the appellee to receive the sum insured. The demurrers to each paragraph of the complaint were properly overruled. The charge of the court upon the question whether the appellee had any pecuniary interest in the life of the assured, or not, was correct.

The agreement on the part of the assured, that in the event of his death, his legal representatives should, as soon as possible thereafter, give notice in writing to the company, must have a reasonable construction. Thus, the law in this state does not authorize letters of administration to issue until fifteen days after the death of an intestate, and it can hardly be insisted that a notice given in this state within that time is unreasonably delayed. The law, as stated in ANGELL on Fire and Life Insurance, is, that "there must be no unnecessary delay, nothing which the law calls *laches.*" Sec. 230. It has been held that "the terms 'forthwith,' in a policy of insurance, used in connection with giving notice to the underwriters of a loss by fire, and 'as soon as possible' after a fire occurs deliver a particular account of such loss, are not to be taken literally, but mean with due diligence, or without unnecessary procrastination or delay, under all the circumstances of the case. In ordinary cases, whether due diligence has been used by the assured, or he has been guilty of no unnecessary procrastination or delay, under all the circumstances of such cases, are questions of fact, to be determined by the jury." *Edwards* v. *Baltimore Fire Insurance Co.,* 3 Gill., (Md.) 176.

We think the instruction on this subject very fairly stated the law to the jury, and that the evidence upon the question of diligence fully sustains the finding.

The judgment is affirmed, with 5 per cent damages and costs.

*J. B.* and *W. Niles,* for appellant.

*T. J. Merrifield* and *W. H. Calkins,* for appellee.