*F. T. Hord*, for appellee.

———————◦———————

## THE FRANKLIN LIFE INSURANCE COMPANY *v.* HAZZARD.

LIFE INSURANCE.—*Insurable Interest.—Assignment to one not Having Interest.* A person cannot purchase and hold for his own benefit, as a matter of

The Franklin Life Insurance Company *v.* Hazzard.

mere speculation, a policy of insurance on the life of one in whose life he has no sort of insurable interest.

Although a policy be issued to one who holds an insurable interest in the life, and be therefore valid in its inception, its assignment to one holding no such interest will not sustain an action in favor of the assignee upon the death of the person whose life is insured.

APPEAL from the Franklin Circuit Court.

WORDEN, J.—This was an action by the appellee against the appellant on a life insurance policy, issued by the appellant to one William S. Cone, and by Cone assigned to the appellee.

Issue, trial, finding, and judgment for the plaintiff. below, a motion for a new trial having been made by the defendant and overruled, and exception having been duly taken.

The policy was issued September 2d, 1867, and stipulates for the payment of the sum of three thousand dollars by the company to the assured, his executors, administrators, and assigns, within ninety days after due notice and proof of interest and of the death of said Cone, deducting therefrom all indebtedness of the party to the company. The premium paid down was sixty-two dollars and forty cents, and a like premium was to be paid by the assured annually on the 2d of September, during the life of Cone. By the terms of the policy, if the first premium to become due after the issuing thereof should not be paid at the time specified, the policy was to be forfeited, and the policy was not to be assigned without the consent of the company.

The material facts on which we place the decision of the cause, are these: On the 2d of September, 1868, the premium then falling due was not paid. Cone afterward said to the agent of the company that he had concluded not to keep up the policy, and he declined to pay the premium. Finally he sold the policy to the appellee, Hazzard, and on the 17th of September, 1868, duly assigned the same to him, and the assignment was assented to by the secretary of the company, subject to the conditions of the policy. Hazzard was not the creditor of Cone, nor had he otherwise any insurable interest in his life, but he simply purchased the pol-

icy, and paid therefor the sum of twenty dollars. On the policy's being assigned to Hazzard, he arranged with the company for the premium due on the 2d of September, 1868, by paying a part thereof in money and giving a note for the residue, which, we infer, was afterward paid. Cone died in July, 1869.

Can the appellee, on these facts, maintain the action?

We place no stress on the fact that the premium was not paid at the time it fell due, because the forfeiture of the policy seems to have been waived by the subsequent receipt, by the agents of the company, of the premium.

But the question arises whether a person can purchase and hold for his own benefit, and as a matter of mere speculation, a policy of insurance on the life of one in whose life he has no sort of insurable interest. This question is one of first impression in Indiana, and the authorities elsewhere are somewhat in conflict upon the point. We therefore feel at liberty to decide it in conformity with what seem to us to be the general principles of law applicable to the question. There can be no doubt that a policy issued to Hazzard upon the life of Cone, the former having, as in this case, no insurable interest in the life of the latter, would be absolutely void. We quote the following passage from the opinion of the court, as delivered by Judge Selden, in the case of *Ruse* v. *The Mutual Benefit Life Insurance Company*, 23 N. Y. 516: "Our inquiry, therefore, is, whether at common law, independent of any statute, it is essential to the validity of a policy, obtained by one person for his own benefit upon the life of another, that the party obtaining the policy should have an interest in the life insured. A policy, obtained by a party who has no interest in the subject of insurance, is a mere wager policy. Wagers in general, that is, innocent wagers, are, at common law, valid; but wagers involving any immorality or crime, or in conflict with any principle of public policy, are void. To which of these classes, then, does a wagering policy of insurance belong? Aside from authority, this question would seem to me of easy solution. Such policies, if

valid, not only afford facilities for a demoralizing system of gaming, but furnish strong temptations to the party interested to bring about, if possible, the event insured against."

There are many authorities establishing that such policies are void, as contravening public policy, but it is unnecessary to make further reference to them. Now, if a man may not take a policy directly from the insurance company, upon the life of another in whose life he has no insurable interest, upon what principle can he purchase such policy from another? If he purchase a policy as a mere speculation, on the life of another in whose life he has no insurable interest, the door is open to the same "demoralizing system of gaming," and the same temptation is held out to the purchaser of the policy to bring about the event insured against, equally as if the policy had been issued directly to him by the underwriter. We are aware that the doctrine is held in New York, that if the policy is valid in its inception, it may be assigned to any one, whether he have any interest in the life of the assured or not. *St. John* v. *The American Mutual Life Insurance Company*, 13 N. Y. 31; *Valton* v. *The National Loan Fund Life Assurance Company*, 20 N. Y. 32. Such, also, seems to have been the view taken by the Vice-Chancellor in the case of *Ashley* v. *Ashley*, 3 Sim. 149. But the contrary doctrine is maintained in Massachusetts. *Stevens* v. *Warren*, 101 Mass. 564. The following passages, from the opinion of the court in the latter case, will show the scope and effect of the decision:

"The plaintiff, as administrator of Barton, holds the proceeds of a policy of insurance upon the life of his intestate. The fund is assets in his hands for the benefit of one of the defendants as next of kin, after payment of debts, unless the other defendant is entitled to receive it by virtue of an assignment of the policy in the lifetime of the assured. * * * The only question to be determined in regard to the rights of the parties is, whether an assignment of the policy, by the assured in his lifetime, without the assent of the insurance company, conveyed any right, in law or in equity, to the pro-

ceeds when due. The court are all of the opinion that it did not. In the first place, it is contrary to the express terms of the policy itself, by which it is provided and declared that any such assignment shall be void. In the second place, it is contrary to the general policy of the law respecting insurance; in that it may lead to gambling or speculating contracts upon the chances of human life. The general rule, recognized by the courts, has been, that no one can have an insurance upon the life of another, unless he has an interest in the continuance of that life. Dewey K. Warren" (the assignee of the policy) "had no such interest, and could not legally have procured insurance upon the life of Barton. We understand the answer to deny that the policy was held by Warren as creditor and for his security; and to assert an absolute right by purchase. The rule of law against gambling policies would be completely evaded, if the court were to give to such transfers the effect of equitable assignments, to be sustained and enforced against the representatives of the assured. When the contract between the assured and the insurer is 'expressed to be for the benefit of' another, or is made payable to another than the representatives of the assured, it may be sustained accordingly. Gen. Sts. c. 58, sec. 62. * * * The same would probably be held in case of an assignment with the assent of the insurers. But if the assignee has no interest in the life of the subject of insurance which would sustain a policy to himself, the assignment would take effect only as a designation, by mutual agreement of the contracting parties, of the person who should be entitled to receive the proceeds, when due, instead of the personal representatives of the assured. And if it should appear that the arrangement was a cover for a speculating risk, contravening the general policy of the law, it would not be sustained." The decision in the above case is made to rest quite as much upon the second as the first ground stated, viz., that an assignment of a policy of life assurance to one having no interest in the life of the assured, where the assignment is a cover for a speculating risk, is

The Franklin Life Insurance Company *v.* Hazzard.

void, as contrary to the general policy of the law respecting insurance.

After pretty mature consideration, we have concluded that the doctrine announced in the case cited from Massachusetts is the true doctrine on the subject. All the objections that exist against the issuing of a policy to one upon the life of another in whose life the former has no insurable interest, seem to us to exist against his holding such policy by mere purchase and assignment from another. In either case, the holder of such policy is interested in the death, rather than the life, of the party assured. The law ought to be, and we think it clearly is, opposed to such speculations in human life. In our opinion, no one should hold a policy upon the life of another in whose life he had no insurable interest at the time he acquired the policy, whether the policy be issued to him directly from the insurer, or whether he acquired the policy by purchase and assignment from another. In either case he is subject, in the language of Judge Selden, above quoted, to strong temptations to bring about the event insured against.

In this case there was but a simple purchase of the policy by Hazzard. He had no interest whatever in the life of the assured. He was a mere speculator upon the probabilities of human life. His contract of purchase was essentially a wager upon the life of Cone, and his interests lay in the pay-ment of few or no intermediate annual premiums, and the early happening of the event which was to entitle him to the three thousand dollars. By his purchase he became interested in the early death of the assured. We are of opinion that the law will not uphold such purchase, and that the appellee acquired no right to the policy or to the sum secured thereby.

Life assurance policies are assignable, to be sure, but in our opinion they are not assignable to one who buys them merely as matter of speculation without interest in the life of the assured. What is such an interest in the life of another as will authorize one to insure his life, or purchase a

policy upon his life, is a question not involved in the case, and we express no opinion upon it.

It has been suggested by the counsel for the appellee that our statute providing for the assignment of contracts embraces contracts of this description as well as others. This may be, but we do not think the statute contemplates the valid assignment of a contract to a party who, under the circumstances, in view of the general principles of law, is incapable of being an assignee of the contract.

In our opinion, the plaintiff below was not, on the facts shown, entitled to recover, and the motion for a new trial should have prevailed.

The judgment below is reversed, with costs, and the cause remanded, for further proceedings not inconsistent with this opinion.

*U. J. Hammond* and *J. M. Judah*, for appellant.
*W. Morrow* and *N. Trusler*, for appellee.