Amick v. Butler, Administrator.

Filed Sept. 27, 1887.

--------◆--------

No. 11,906.

AMICK v. BUTLER, ADMINISTRATOR.

LIFE INSURANCE.—*Insurable Interest.*—No one can have the benefit of an insurance effected by himself upon the life of another, unless he has an insurable interest in the life insured.

SAME.—*Creditor's Insurable Interest in Life of Debtor.*—*Amount of Insurance Permissible.*—A creditor has an insurable interest in the life of his debtor,. and may in good faith take insurance upon his life. The amount of the insurance obtained must bear some just proportion to the debt, or the extent of the obligation assumed, and the contingencies attending the maintenance of the policy, though it can not be limited to the amount of the debt.

SAME.—*Liability of Creditor for Surplus After Payment of Debt.*—Where money has been collected upon a policy of insurance which had its inception in a scheme of mere speculation on the life of the insured, or where insurance is taken out by a debtor as security for the benefit of his creditor, the expense of procuring and continuing the policy being borne by the former, the amount collected, less the debt secured or the sums advanced in obtaining and keeping the policy in force, may be recovered by the personal representatives of the person insured.

SAME.—*When Creditor Entitled to Full Amount of Policy.*—Where a creditor receives from his debtor a policy of insurance on the life of the latter,

paying all the expenses attending the issuance thereof, and all subsequent assessments and charges thereon, and being named therein as beneficiary, and upon the death of the debtor receives the amount stipulated therein, which is largely in excess of the indebtedness and the expenses of insurance paid by him, he is not liable to the representatives of the debtor for such excess, although it had been agreed between the parties that if the debtor should pay the indebtedness and the expense of insurance the policy should be turned over to him.

From the Jennings Circuit Court.

J. Overmyer, for appellant.

T. C. Batchelor, for appellee.

MITCHELL, J.—Suit by Butler, administrator of the estate of Frazee, deceased, against Amick, to recover part of the amount which the latter received on a policy of life insurance which had been effected on the life of the plaintiff's decedent.

The facts most favorable to the plaintiff's theory are comprised in the following statement : On the 23d day of March, 1877, Decatur M. Frazee was indebted to Amick in the sum of about six hundred dollars. By agreement with Amick, Frazee made an application to the U. B. Mutual Aid Society of Pennsylvania, a mutual life insurance company, for membership in that society. Upon due examination he was admitted as a member, receiving a certificate in which Amick, his heirs and assigns, were designated as the beneficiaries, and were to become entitled upon the death of Frazee to two thousand dollars, upon condition that the terms and conditions of the certificate of membership should be complied with. Amick was designated in the application and in the certificate of membership as a creditor. The amount of the indebtedness was erroneously stated in the application at two hundred and fifty dollars. The proof showed that it was about six hundred dollars. All the expenses incident to the issuance of the certificate, and all the annual payments and assessments stipulated in the certificate of membership to be paid by Frazee, were to be and were paid by Amick. At the

time the policy was issued it was orally agreed that if Frazee should at any time thereafter pay his indebtedness, and reimburse Amick for the cost of obtaining the policy and carrying the insurance, the latter would turn over the policy to the former.

On the 16th day of April, 1879, Frazee died without having paid any part of his debt, and without having paid any part of the cost of procuring and continuing in force the certificate of membership.

The society, upon due proof of the death of Frazee, paid to Amick about nineteen hundred and sixty-three dollars, in discharge of its liability upon the certificate. After deducting the amount of the indebtedness and the sums advanced for the insurance, it was found that there remained of the sum received from the society twelve hundred and fifty-nine dollars and fifty-eight cents, which the administrator of Frazee had demanded from Amick. The latter having refused payment, the court gave judgment in favor of the administrator for the amount.

The propriety of the conclusion of the learned court on the foregoing facts involves all the questions in the record.

In support of the judgment so given, it is contended that the right of a creditor in the proceeds of a policy of insurance upon the life of his debtor, is limited to the amount of the debt and necessary expenses on account of which the insurance was taken out and maintained. When the debt and expenses are extinguished, the argument is, the excess belongs to the legal representative of the deceased debtor, and may be recovered from the creditor, to whom payment has been made, as money had and received to the use of the debtor's representative.

This conclusion is predicated upon the rule, the effect of which is that one having no insurable interest in the life of another may not, by means of insurance, speculate upon the life of the person insured. The insurable interest can not,

it is contended, exceed the amount of the debt; hence, the person obtaining the insurance must account for the excess.

Upon considerations of public policy, the general rule has long prevailed that insurance taken out and obtained by one upon the life of another, in whose life the person procuring the insurance had at the time no insurable interest, is invalid. *Elkhart, etc., Ass'n* v. *Houghton,* 103 Ind. 286 (53 Am. R. 514); *Continental Life Ins. Co.* v. *Volger,* 89 Ind. 572 (46 Am. R. 185).

A policy taken upon the life of another, for speculative purposes merely, is regarded as nothing more than a wager on the life of the person insured. Such a transaction is assigned a place in the catalogue of gambling, and is justly condemned by the law. *Ruse* v. *Mutual Benefit, etc., Co.,* 23 N. Y. 516; *Brockway* v. *Mutual Benefit, etc., Co.,* 9 Fed. Rep. 249; Bliss Life Ins., section 9.

No one can have the benefit of an insurance effected by himself upon the life of another, unless he has an insurable interest in the life insured.

Where money has been collected upon a policy which had its inception in a scheme of mere speculation upon the life of the person who is the subject of insurance, or where insurance is taken out by a debtor as a security for the benefit of his creditor, the expense of procuring and continuing the policy being borne by the former, the authorities justify the conclusion in either case that the amount collected, less the debt secured or the sums advanced in obtaining and keeping the policy in force, may be recovered by the personal representatives of the person insured. *Gilbert* v. *Moose,* 104 Pa. St. 74 (49 Am. R. 570); *Cammack* v. *Lewis,* 15 Wall. 643; *Page* v. *Burnstine,* 102 U. S. 664; *Warnock* v. *Davis,* 104 U. S. 775; *Dutton* v. *Willner,* 52 N. Y. 312; *Drysdale* v. *Piggott,* 8 DeGex, M. & G. 546; *Lea* v. *Hinton,* 5 DeGex, M. & G. 823.

In case the policy originates in a transaction which the law condemns, or where the debtor, having taken insurance on

his own life, at his own expense, merely pledges the policy as a security for an existing debt, the holder, whether by assignment or otherwise, who receives the entire proceeds, will be regarded as a trustee of the representatives of the insured for the amount received, less the amount of his debt, or the sum advanced on the policy. *American Life, etc., Co.* v. *Robertshaw,* 26 Pa. St. 189; *Matthews* v. *Sheehan,* 69 N. Y. 585.

Thus, in *Bruce* v. *Garden,* 5 Ch. App. C. 32, the language of Lord HATHERLEY is: "The court requires distinct evidence of a contract—that the creditor has agreed to effect a policy, and that the debtor has agreed to pay the premiums, and in that case the policy will be held in trust for the debtor."

The case under consideration is not within the facts, and hence is not governed by the principles which ruled the cases above mentioned.

This is a case in which a debtor, presumably at the solicitation of his creditor, effected an insurance on his own life for the benefit of his creditor, the latter being designated in the policy as the beneficiary, and agreeing to pay the expense of effecting the insurance and of keeping the policy in force. It was also agreed that the debtor might at any time pay the debt, and reimburse the creditor for outlays in effecting and maintaining the insurance, and thereby entitle himself to an assignment of the policy. It has never been seriously questioned but that a person may insure his own life, and by the terms of the policy appoint another to receive the money, upon the event of the death of the person whose life is insured; or, having taken a policy, valid in its inception, that he may in good faith assign his interest in such policy, as in any other chose in action. *Hutson* v. *Merrifield,* 51 Ind. 24 (19 Am. R. 722); *Franklin Life Ins. Co.* v. *Sefton,* 53 Ind. 380; *Ashley* v. *Ashley,* 3 Sim. 149; *Mutual Life Ins. Co.* v. *Allen,* 138 Mass. 24; *Clark* v. *Allen,* 11 R. I. 439 (23 Am. R. 496). See, also, note to *Clark* v. *Allen, supra,* 17 Am. Law Reg. 86; *New York Mut. Life Ins. Co.* v. *Armstrong,*

117 U. S. 591; *Archibald* v. *Mutual Life Ins. Co.*, 38 Wis. 542; *Eckel* v. *Renner*, 41 Ohio St. 232.

In either case the essential point is that the transaction be *bona fide*, and not merely a cover for obtaining wagering or merely speculative insurance, and a device to evade the law. *Provident, etc., Co.* v. *Baum*, 29 Ind. 236 ; *Olmsted* v. *Keyes*, 85 N. Y. 593; *Campbell* v. *New England M. L. Ins. Co.*, 98 Mass. 381; *Connecticut Mut. Life Ins. Co.* v. *Schaefer*, 94 U. S. 457; *Guardian M. L. Ins. Co.* v. *Hogan*, 80 Ill. 35 (22 Am. R. 180); *Murphy* v. *Red*, 35 Alb. Law Jour. 490; *Cunningham* v. *Smith*, 70 Pa. St. 450.

The cases which hold invalid the taking or assignment of insurance policies turn upon the fact that in each case the transaction was found to be merely colorable, and a scheme to obtain speculative insurance. *Franklin Life Ins. Co.* v. *Hazzard*, 41 Ind. 116 (13 Am. R. 313); *Cammack* v. *Lewis, supra*; *Warnock* v. *Davis, supra.*

Where the person whose life is insured is the real contracting party, and continues to pay the premiums, it is of no consequence that the beneficiary, or appointee in the policy, has no insurable interest in the life of the insured. In such a case the policy is valid in any event, and if the beneficiary or assignee be a creditor, and holds the policy as a security merely, he will be a trustee for the excess, as is any other creditor who holds securities for a debt. In case, however, the party insured is only nominally the contracting party, while the beneficiary named in the policy, or the assignee, has in reality procured the insurance, and paid the premiums, then, in order that the transaction may be taken out of the category of wagering contracts, the beneficiary must have had an insurable interest of a pecuniary character, or of that nature, either present or prospective, at the time the policy had its inception. A policy so taken is the property of the beneficiary, who occupies in that event no trust relation to the debtor. Hine & Nichols Life Ins. 75.

That a creditor has an insurable interest in the life of his

debtor has never been controverted.    It is universally allow-
able that a creditor may in good faith take insurance upon
the life of his debtor, either by procuring a policy in which
he is designated as the beneficiary, or by assignment.    We
know of no authority to the contrary of this.    While this
is true, the amount of the insurance obtained must bear some
just proportion to the debt, or the extent of the obligation
assumed by the beneficiary, and the probable contingencies
attending the future maintenance of the policy.    The cir-
cumstances must be such as not to raise the presumption that
the transaction on its face was a mere speculation.

As was said by the learned judge in *Fox* v. *Penn M. L.*
*Ins. Co.*, 4 Big. L. & A. Ins. Rep. 458:  "If a man should
owe me $10, I can not go and insure his life to the extent
of $10,000."    *Mowry* v. *Home Life Ins. Co.*, 9 R. I. 346.

The policy can not, however, be limited to the amount of
the debt.    If it were otherwise the creditor would inevitably
be compelled to lose whatever sums he might be required to
pay in effecting the insurance and paying premiums.

The beneficiary takes the chances of all future contingen-
cies, including the continued solvency of the company; or if
it be a company in which the fund is to be accumulated by
assessments upon the members, that a sufficient number will
continue therein to pay the debt and reimburse him for his
advances.

No general rule applicable to all cases can be laid down,
except that the interest must be of a substantial character,
and such as, under all the circumstances, to take from the
transaction the suspicion of mere wagering.    *Connecticut*
*Mutual Life Ins. Co.* v. *Luchs*, 108 U. S. 498.

In the case before us the application for membership shows
that the person whose life was insured was within a few
months of forty-nine years old, and in good health.    The
certificate of membership required the payment of sixteen
dollars into the treasury of the society the first year, ten dollars
annually for the ensuing four years, and four dollars annually

thereafter during the lifetime of the member, besides paying into the treasury, upon the death of each member, his pro rata mortality assessment. In consideration of the agreement to comply with these, among other conditions, the society agreed to pay the beneficiary named, absolutely, upon the death of the member, the sum of two thousand dollars. In the language of the court in *Bevin* v. *Connecticut Mutual Life Ins. Co.*, 23 Conn. 244: "All the books hold this to be a sufficient interest to sustain a policy of insurance. * * * The policy must, we think, be held to be a valued policy." See note to *Currier* v. *Continental Life Ins. Co.*, 52 Am. Rep. 134. The transaction being thus relieved from any features of a merely speculative character, the policy vested an absolute right in the beneficiary named therein to collect from the society upon the death of the member the full amount stipulated to be paid, and the amount thus collected became the property of the beneficiary, unless the parol agreement to turn the policy over to the debtor upon the conditions already stated affected the creditor with an enforceable trust in favor of the personal representative. We can discover no principle upon which a trust can be maintained in the absence of any offer by the debtor in his lifetime to pay the debt and reimburse the creditor for his advances. The right to the insurance vested absolutely in the beneficiary as soon as the contract of insurance was consummated. "The moment this policy was executed and delivered, it became property, and the title to it vested in some one. It will not be claimed that it vested in the person whose life was insured. It must have vested then in all or in a part of the payees." *Continental Life Ins. Co.* v. *Palmer*, 42 Conn. 60.

The transaction had none of the characteristics of a mortgage. It was entirely at the option of the debtor whether or not he would reimburse the creditor for the sums expended in procuring the insurance. Whatever the creditor might have done in respect to the collection of his debt, it was be-

yond his power to compel the insured to reimburse him for his advances in procuring and maintaining the policy. The debtor had not agreed to repay advances voluntarily made. The advances having been made for the creditor's own benefit, he had no remedy against the debtor or his legal representative to recover them. The rule in cases involving analogous principles is that where the owner of property vests the title absolutely in another in pursuance of an agreement which gives the grantor the option to repurchase or not, at his election, the transaction does not create a mortgage. *Voss* v. *Eller*, 109 Ind. 260; *Hays* v. *Carr*, 83 Ind. 275.

The right to the policy, and to the benefits to be derived therefrom, was absolute in the beneficiary until both the debt and the advances were paid, even conceding that the oral agreement referred to would have been enforceable in the lifetime of the insured.

The beneficiary in a life policy, who has an insurable interest in the life of the insured, at the inception of the policy, may enforce payment for the full amount, notwithstanding the debtor, on whose life it runs, may have paid the debt. "Any interest sufficient to justify the insurance, and relieve it of the gambling aspect, will render it valid, and such policy will continue valid in the hands of a beneficiary or assignee, regardless of the cessation of interest, provided the facts show entire good faith and a sufficient justification." Hine & Nichols Life Insurance, 82; *Olmsted* v. *Keyes, supra; Connecticut Mut. Life Ins. Co.* v. *Schaefer, supra.*

Perhaps, owing to the peculiar nature of contracts such as we are considering, if the debtor, in his lifetime, had tendered the amount of the debt and the advances, the claim of the legal representative might be supported. But, in the absence of an offer to comply with his agreement, we can discover no rational ground upon which the court can now compel the appellant to surrender money to which, according to every principle of law, he has a perfect title, and in

which neither the debtor nor his representatives ever had any interest, legal or equitable.

A distinguishing element in the determination of cases of this character is, whether the one whose life is insured so contracts himself to pay the premiums that an action could be maintained against him by the creditor for that amount. If such a contract is shown, then the policy is to be regarded as a collateral security, and the debtor is entitled to it upon the extinguishment of the principal debt; while, on the other hand, if the creditor pays the premiums, and the debtor is under no obligation to repay them, the right of the creditor is absolute. *Freme* v. *Brade,* 2 De Gex & J. 582; *Knox* v. *Turner,* Law Rep., 5 Ch. App. 515; *Gottlieb* v. *Cranch,* 4 De G., M. & G. 440; *Godsal* v. *Webb,* 2 Keen, 100.

As has already been seen, the debtor neither paid nor was he under any obligation to pay the premiums.

Within all the rules, therefore, the appellant became the absolute owner of the policy, without any outstanding equity in the debtor or his representative, until such payment was made or tendered according to the contract.

Judgment reversed, with costs.

Filed June 23, 1887; petition for a rehearing overruled Nov. 30, 1887.