Davis *v.* Brown.

---

## Davis *v.* Brown, Administrator.

[No. 19,998.   Filed January 9, 1903.]

INSURANCE.—*Assignment of Policy.*—*Insurable Interest.*—The fact that a person who has in good faith procured a policy of insurance upon his own life in favor of his estate assigns it to another, who has no insurable interest in his life, will not prevent a recovery by the latter upon the maturity of the policy.   *pp. 646-648.*

SAME.—*Assignment of Policy.*—*Complaint by Assignee.*—*Pleading.*—A complaint by the assignee of a life insurance policy need not anticipate and negative the defense that the assignment was a part of a transaction that contravenes public policy.   *pp. 649, 650.*

SAME.—*Assignment of Policy.*—The provision of §4914h Burns 1901 that the assignment of an insurance policy to one having no insurable interest in the life of the insured, except as security for a debt, with remainder over to the beneficiary or to the estate of the insured, shall render such policy void, does not apply to foreign companies.   *p. 650.*

APPEAL AND ERROR.—*Pleading.*—*Harmless Error.*—In an action on an insurance policy by the administrator of the insured, error in sustaining a demurrer to a cross-complaint by one claiming the policy as assignee was prejudicial error, although the defense might have been made under the general denial; since cross-complainant was entitled to have the issues so formed that she could have recovered affirmatively under her cross-complaint.   *pp. 650, 651.*

From Johnson Circuit Court; *W. J. Buckingham,* Judge.

Action by Samuel Brown, administrator of the estate of Florence O. McClain, deceased, against the Metropolitan Life Insurance Company and Susan Davis on an insurance policy. The company paid the amount of insurance into court and was discharged. Defendant Susan Davis filed a cross-complaint claiming the policy as assignee. From a judgment against her on demurrer to

cross-complaint, she appeals.    Transferred from Appellate Court, under §1337u Burns 1901.    *Reversed.*

*R. L. Crawford, W. E. Deupree* and *L. E. Slack*, for appellant.

*E. L. Branigin* and *Thomas Williams*, for appellee.

Gillett, J.—Appellee instituted this action against the Metropolitan Life Insurance Company on a policy of insurance issued to his decedent, Florence O. McClain.    Said policy, as executed, was payable to the estate of said decedent upon her death.    Appellant was made a party defendant to the action.    The complaint alleged as to her that she claimed, but in fact had no interest in the policy.    The company paid the amount of the insurance into court, and upon its written application, by way of interpleader, was discharged.    Appellant filed answer to the complaint in three paragraphs, and also filed like number of paragraphs of cross-complaint against appellee.    The first paragraph of answer was a general denial, but this paragraph was afterwards withdrawn.    The other pleadings filed by appellant were adjudged insufficient on demurrer.    There was a final judgment on the cross-complaint, based on the sustaining of a demurrer thereto, that appellant take nothing under her cross-complaint.    Afterwards, in the main case, the cause was submitted to the court and a finding and judgment rendered for appellee.    Proper assignments of error present the question whether the court erred in its rulings as to the sufficiency of such of appellant's pleadings as remain in the record.

The paragraphs of cross-complaint are founded on the theory that the assured had, in her lifetime, assigned said policy to appellant.    The sufficiency of these paragraphs is questioned by appellee's counsel on the ground that they do not show that appellant, at the time of the assignment, had an insurable interest in the life of the assured.    If the burden were on appellant to aver and prove such interest,

it is clear that the first and second paragraphs of cross-complaint are insufficient, for they contain no averment on that subject. We think, too, that if such a showing were necessary, the third paragraph of cross-complaint would also stand condemned, for, although it avers many facts of an evidentiary character that might possibly bear on the purpose of the assignment, yet such facts are insufficiently connected by averment with the fact of the assignment, as considerations moving upon the minds of the parties in relation to the same, to render such facts pertinent in determining the sufficiency of such pleading. We will therefore assume that in the third, as well as in the other paragraphs of cross-complaint, there is an absence of any averment concerning the insurable interest of appellant in the life of the assured.

It is thoroughly settled that a person can not take out a policy in his own favor on the life of another unless the former has an insurable interest in the latter's life. *Franklin Life Ins. Co.* v. *Hazzard,* 41 Ind. 116, 13 Am. Rep. 313 ; *Franklin Life Ins. Co.* v. *Sefton,* 53 Ind. 380 ; *Continental Life Ins. Co.* v. *Volger,* 89 Ind. 572, 46 Am. Rep. 185 ; *Elkhart, etc., Assn.* v. *Houghton,* 103 Ind. 286, 53 Am. Rep. 514 ; *Amick* v. *Butler,* 111 Ind. 578, 60 Am. Rep. 722 ; *Burton* v. *Connecticut, etc., Ins. Co.,* 119 Ind. 207, 12 Am. St. 405. This proposition, however, is not applicable to the case before us, for it is alleged that the decedent took out the policy of insurance, and had it made payable to her estate upon her death, and that she afterwards assigned said policy to the appellant. A person undoubtedly has an insurable interest in his own life, and, at least where he pays the premiums, it is immaterial, so far as the validity of the policy is concerned, that he designates a mere stranger to receive the benefit. *Elkhart, etc., Assn.* v. *Houghton, supra; Amick* v. *Butler, supra; Burton* v. *Connecticut, etc., Ins. Co., supra; Milner* v. *Bowman,* 119 Ind. 448, 5 L. R. A. 95. It is equally clear that the mere fact that a person

Davis *v.* Brown.

who has effected an insurance upon his own life in favor of his estate assigns the policy to another, who has no insurable interest in his life, will not prevent a recovery by the latter upon the maturity of the policy.

In *Amick* v. *Butler, supra,* this court said, speaking by Mitchell, J.: "It has never been seriously questioned but that a person may insure his own life, and by the terms of the policy appoint another to receive the money upon the event of the death of the person whose life is insured; or, having taken a policy, valid in its inception, that he may in good faith assign his interest in such policy, as in any other chose in action. *Hutson* v. *Merrifield,* 51 Ind. 24, 19 Am. Rep. 722; *Franklin Life Ins. Co.* v. *Sefton,* 53 Ind. 380; *Ashley* v. *Ashley,* 3 Sim. 149; *Mutual Life Ins. Co.* v. *Allen,* 138 Mass. 24; *Clark* v. *Allen,* 11 R. I. 439, 23 Am. Rep. 496. See, also, note to *Clark* v. *Allen, supra,* 17 Am. Law Reg. 86; *New York Mut. Life Ins. Co.* v. *Armstrong,* 117 U. S. 591; *Archibald* v. *Mutual Life Ins. Co.,* 38 Wis. 542; *Eckel* v. *Renner,* 41 Ohio St. 232. In either case the essential point is that the transaction be *bona fide,* and not merely a cover for obtaining wagering or merely speculative insurance, and a device to evade the law. *Provident, etc., Co.* v. *Baum,* 29 Ind. 236; *Olmstead* v. *Keyes,* 85 N. Y. 593; *Campbell* v. *New England M. L. Ins. Co.,* 98 Mass. 381; *Connecticut Mut. Life Ins. Co.* v. *Schaefer,* 94 U. S. 457; *Guardian M. L. Ins. Co.* v. *Hogan,* 80 Ill. 35, 22 Am. Rep. 180; *Murphy* v. *Red,* 35 Alb. Law Jour. 490; *Cunningham* v. *Smith,* 70 Pa. St. 450. The cases which hold invalid the taking or assignment of insurance policies turn upon the fact that in each case the transaction was found to be merely colorable, and a scheme to obtain speculative insurance. *Franklin Life Ins. Co.* v. *Hazzard,* 41 Ind. 116, 13 Am. Rep. 313; *Cammack* v. *Lewis,* 15 Wall. 643; *Warnock* v. *Davis,* 104 U. S. 775."

The statements that we have quoted find full support in the prior case of *Elkhart, etc., Assn.* v. *Houghton,* 103 Ind.

286, 53 Am. Rep. 514. These cases do not rest, as appellee's counsel state, upon the fact that the actions were based on benefit certificates, instead of the ordinary forms of life insurance policies. While there may be a difference in the extent of the power of the assured to change the beneficiary between the one case and the other, as pointed out in *Mason v. Mason,* 160 Ind. —, yet there is in both cases the same salutary check against wagering upon human life. In fact it was expressly declared in *Elkhart, etc., Assn.* v. *Houghton,* 103 Ind. 286, 53 Am. Rep. 514, that the rules of law are the same in both cases, so far as concerns any question involved in that case.

The later cases that we have cited are not out of accord with *Franklin Life Ins. Co.* v. *Hazzard, supra,* and *Franklin Life Ins. Co.* v. *Sefton, supra.* Although the two cases mentioned were cases where there had been an assignment of valid insurance to a third person, yet in each of those cases the fact appeared, or was in effect charged, that the person taking the assignment had engaged in a speculation as to the length of time that the person whose life was insured would continue in life. This court is still of the opinion that such a transaction is quite as obnoxious to public policy as where a third person, without an insurable interest, effects an insurance for his own benefit upon the life of another. But there can not be an objection to a third person taking an assignment of a life insurance policy that another has taken out upon his own life where the insured has covenanted with the insurance company to pay the premiums, and where it is not contemplated that such third person will pay them. There may also be cases where an assignment would be valid that is not within these limitations. It is not our duty to anticipate what transactions of this character would be upheld by this court, but it is not presumptuous to state that it will not uphold such an assignment if it appears that it was a mere cover for a speculating risk contravening the general policy of the law.

Davis *v.* Brown.

As the appellant might, by contract or gift, have become the owner of the chose in action in question, we proceed to consider whether the burden was on her to show that the transaction did not violate any rule of law. It was held in *Continental Life Ins. Co.* v. *Volger,* 89 Ind. 572, 46 Am. Rep. 185, that where a person takes out insurance for his own benefit on the life of another, the burden is on him to allege an insurable interest. The case cited has been followed on this point by *Burton* v. *Connecticut, etc., Ins. Co.,* 119 Ind. 207, 12 Am. St. 405, and *Prudential Ins. Co.* v. *Hunn,* 21 Ind. App. 525, 69 Am. St. 380. We have no disposition to intimate a doubt as to the correctness of the rule stated, but we can not extend it to this case. In *Continental Ins. Co.* v. *Volger, supra,* it is said that it was held in the case of *Guardian, etc., Ins. Co.* v. *Hogan,* 80 Ill. 35, 22 Am. Rep. 180, that where the policy was procured by one on his own life for the benefit of another, it is not necessary in a suit by the beneficiary to aver an insurable interest; and this view, the Volger case declares, is in harmony with *Provident, etc., Co.* v. *Baum,* 29 Ind. 236.

The case of *Franklin Life Ins. Co.* v. *Sefton, supra,* throws a little light on the question in hand. In that case the company sought to defeat the suit of the administrator of the assured by pleading an assignment of the policy, made by the assured in his lifetime to another, with the consent of the company. The plaintiff replied admitting the assignment and the consent of the company thereto, but alleged a want of insurable interest in the assignee. Now it is evident that, notwithstanding the fact that the matter of avoidance was stated as a conclusion, the reply was sufficient, if the answer was bad; but this court said, in condemning the reply: "Had the pleading alleged that Hazzard had no interest in the life of Cone it would probably have been sufficient," and then stated that it was doubtful whether the judgment should be reversed on the

ground that the reply was insufficient, because it appeared from the whole record that the appellant was not injured.

It is a rule of common-law pleading, subject, however, to some limitations and exceptions not necessary to notice here, that if a pleading makes out a *prima facie* cause of action or defense, the pleader is not required to notice and remove every possible exception, answer, or objection. 1 Chitty, Pleading (14th Am. ed.), *222. The pleadings in question count upon a transfer of the policy by the assured to appellant. The right of an assured holding a policy upon his life to name a beneficiary is unrestricted, in so far as the law is concerned. That which is condemned is not the naming of a new beneficiary, but the wagering transaction that may accompany or, possibly, be afterwards based upon it. We are therefore of opinion that an assignee of a policy may count upon an assignment of the policy without anticipating and negativing the defense that the assignment was a part of a transaction that contravenes public policy. This holding is in accord with the rule that illegality in a transaction is never presumed; but, on the contrary, that everything is presumed to have been legally done until it otherwise appear. 1 Chitty, Pleading (14th Am. ed.), *221. We are of opinion that each paragraph of cross-complaint stated a cause of action.

As it appears from the cross-complaint that the Metropolitan Life Insurance Company is a New York corporation, it is unnecessary to consider the effect of §4914h Burns 1901, that counsel for appellee urge upon our attention. We need not discuss whether the sustaining of the demurrer to the special answers was harmless, as claimed by appellee, on the ground that the defense might have been made under the general denial. Even admitting that this is correct, it yet remains that appellant was entitled to have the issues in shape so that she could have recovered affirmatively under her paragraphs of cross-complaint. The sus-

taining of the demurrers to such paragraphs was therefore prejudicial error.

Judgment reversed, with directions to the trial court to overrule the demurrers addressed to the respective paragraphs of cross-complaint, and to grant the parties leave to reframe the issues on the complaint of appellee, without prejudice because of former rulings on the pleadings based thereon.