*R. M. Morse, Jr. & R. Stone, Jr.*, for the plaintiffs.

*T. S. Harlow*, for the defendants.

===

WILLIAM STEVENS, administrator, *vs.* SARAH A. WARREN, administratrix, & another.

An administrator filed a bill of interpleader, against the next of kin of his intestate, and a person claiming to hold, as assignee, a policy of insurance issued to the intestate on his life, the proceeds of which were in the plaintiff's hands. The defendants agreed that the court might, if it saw fit, take jurisdiction. *Held*, that it was not properly a case for interpleader, but that the court would take jurisdiction as of a bill by the administrator seeking the instruction and protection of the court.

An assignment, without the assent of the insurers, to one who has no interest in the life of the assured, of a policy of insurance upon the life of the assignor, which provides that any assignment thereof without the assent of the insurers shall be void, passes no interest, legal or equitable.

BILL IN EQUITY filed by the administrator of the estate of George L. D. Barton, against the administratrix of the estate of Dewey K. Warren and the next of kin of said Barton, alleging that the plaintiff had in his hands the proceeds of a policy of insurance issued to his intestate on his life; that the defendant Warren claimed them by virtue of an assignment of the policy made to her intestate by Barton; and that the next of kin of Barton claimed them as assets of his estate; and praying that the defendants might interplead.

The defendants answered, and agreed that the court might, if it saw fit, take jurisdiction. The case is stated in the opinion.

*H. W. Paine & R. D. Smith*, for Warren's administratrix.

*G. W. Baldwin*, for the next of kin of Barton.

WELLS, J. The plaintiff, as administrator of Barton, holds the proceeds of a policy of insurance upon the life of his intes-tate. The fund is assets in his hands for the benefit of one of the defendants as next of kin, after payment of debts, unless

the other defendant is entitled to receive it by virtue of an assignment of the policy in the lifetime of the assured.

It is not properly a case for interpleader. But the plaintiff sustains a twofold relation to the fund. If the claim of the defendant Warren can be maintained, either at law or in equity, it is not like an ordinary demand against the estate which will be barred at the end of two years, if. not sooner prosecuted. It would be against the plaintiff personally, and not as administrator. He is not only liable to be harassed by conflicting claims; but exposed to the risk of being required to settle his accounts, and distribute or pay over the fund as administrator, before his liability to the other claimant is brought to a determination at law. The settlement of the estate is liable to be delayed by reason of a dispute affecting a considerable portion of the supposed assets. In such case the administrator may properly ask the direction and protection of the court. *Dimmock* v. *Bixby*, 20 Pick. 368. *Treadwell* v. *Cordis*, 5 Gray, 341.

The only question **to** be determined in regard to the rights of the parties is, whether an assignment of the policy, by the assured in his lifetime, without the assent of the insurance company, conveyed any right, in law or in equity, to the proceeds when due. The court are all of opinion that it did not.

In the first place, it is contrary to the express terms of the policy itself, by which it is provided and declared that any such assignment shall be void.

In the second place, it is contrary to the general policy of the law respecting insurance ; in that it may lead to gambling or speculating contracts upon the chances of human life.

The general rule, recognized by the courts, has been, that no one can have an insurance upon the life of another, unless he has an interest in the continuance of that life. *Loomis* v. *Eagle Insurance Co.* 6 Gray, 396. *Lord* v. *Dall*, 12 Mass. 115. Dewey K. Warren had no such interest, and could not legally have procured insurance upon the life of Barton. We understand the answer to deny that the policy was held by Warren as creditor and for his security; and to assert an absolute right by purchase. The rule of law against gambling policies would be

completely evaded, if the court were to give to such transfers the effect of equitable assignments, to be sustained and enforced against the representatives of the assured.

When the contract between the assured and the insurer is " expressed to be for the benefit of" another, or is made payable to another than the representatives of the assured, it may be sustained accordingly. Gen. Sts. *c.* 58, § 62. *Campbell* v. *New England Insurance Co.* 98 Mass. 381. The same would probably be held in case of an assignment with the assent of the insurers. But if the assignee has no interest in the life of the subject of insurance which would sustain a policy to himself, the assignment would take effect only as a designation, by mutual agreement of the contracting parties, of the person who should be entitled to receive the proceeds, when due, instead of the personal representatives of the assured. And if it should appear that the arrangement was a cover for a speculating risk, contravening the general policy of the law, it would not be sustained.

The purpose of the clause in the policy, forbidding assignments without the assent of the company, is undoubtedly to guard against the increased risks of speculating insurance. The insurers are entitled to the full benefit of such a provision, as a matter of contract; and, as the policy of the law accords with its purpose, the court will not regard with favor any rights sought to be acquired in contravention of the provision.

The administrator will therefore hold the proceeds of the policy as assets of the estate of his intestate, discharged of any claim thereto under the assignment of the policy to Dewey K. Warren. *Decree accordingly.*