### John Clark, Administrator, *vs.* James Allen.

A life policy is a chose in action.

The sale and assignment of a life policy, outstanding and valid, and containing no prohibition of such alienation, is good in Rhode Island, though made to one who has no interest in the life insured, provided such sale and assignment is a *bonâ fide* business transaction, and not a device to evade law.

*Query.* Whether in Rhode Island a person can legally take out an original policy on a life in which he has no interest?

Assumpsit, tried by the court, jury trial being waived. The facts are stated in the opinion of the court.

*Charles Hart*, for plaintiff.

A person cannot purchase and hold for his own benefit, as a matter of speculation, a policy of insurance on the life of another in whose life he has no insurable interest.

Nor can a policy, valid in its inception, issued to one holding an insurable interest, be assigned to one holding no such interest so as to sustain an action in favor of the assignee. *Franklin Life Ins. Co.* v. *Hazzard*, 41 Ind. 116 ; *Stevens, Adm'r*, v. *Warren*, 101 Mass. 564 ; *Cammack* v. *Lewis*, 15 Wall. 643.

A policy may be assigned to a creditor of the insured, he having an interest in the life of the insured.

Upon the death of the insured the creditor may collect the policy, but must account to the representatives of the deceased for any surplus above his debt and advance for premiums or otherwise.

The cases of *St. John* v. *Am. Mut. Life Ins. Co.* 13 N. Y. 31, and *Valton* v. *Nat. Fund Life Ins. Co.* 20 N. Y. 32, seem to hold that a policy valid in its inception may be assigned for value to one having no interest in the life of the insured, and the assignee be entitled to collect the whole amount : that is to say, from the insurers. They do not decide that the assignee of the policy would not be obliged to account to representatives of the insured for any surplus received over amount advanced by him. The later case of *Reese* v. *Mutual Life Ins. Co.* 23 N. Y. 516, practically overrules the cases cited from the 13 and 20 N. Y. This case in 23 N. Y. decides that one procuring insurance upon the life of another, if he had no interest in the life of the insured, cannot recover. The statute of 14 Geo. III. cap. 48, which was

passed to remedy the mischief of gambling and wagering policies, the court says was merely declaratory of the common law.

We especially refer this case to the consideration of the court, as, with the cases cited under first point, furnishing clear rules to dispose of the present case. Certainly it would be a singular conclusion to say that A. cannot procure a policy on the life of B. having no interest in the life of B., but that he might arrange with A. to take out a policy for $5,000, and then A. purchase the policy for a nominal sum. If the first is a speculating and wagering policy so is the last. See also 3 Kent Comm. * 368–9 ; May on Insurance, §§ 110, 398, and cases cited ; § 75, note. See also *Mowry* v. *Home Life Ins. Co.* 9 R. I. 346.

The principles applicable to fire insurance should be applied to life insurance cases, as in case of a mortgagee's interest in a policy, whether insurance be by mortgagor and made payable to mortgagee, or assigned to mortgagee, or the mortgagee insures his interest as mortgagee. In all these cases his interest in the policy is only commensurate with his debt. If the mortgagee insures his interest directly, he can only recover to the extent of his debt. If the mortgagor insures his interest in the property and makes the policy payable to the mortgagee, or assigns it to the mortgagee as security ; upon collection by the mortgagee for the loss he must pay over any excess to the mortgagor.

Where the mortgagee insures directly he can only recover to the extent of his debt. *Carpenter* v. *Washington Ins. Co.* 16 Pet. 495; Angell on Insurance § 59; Phillips on Insurance, vol. 1, § 288 *et seq. ;* vol. 2, §§ 1511 and 1712.

Insurance by mortgagor payable to mortgagee in case of loss, or assigned to mortgagee as further collateral security in case of loss, and recovery by mortgagee of amount in excess of debt, makes him a trustee of the mortgagor for the balance. If the debt is paid, the mortgagor is entitled to the whole amount collected. *Smith* v. *Packard*, 19 N. H. 575 ; *Roberts* v. *Traders' Ins. Co.* 17 Wend. 631.

*James Tillinghast*, for defendant.

I. A policy of life insurance is not a contract of indemnity, but a contract for the payment of a definite sum at a definite time, supported by a full adequate consideration, to wit, the premium which is the agreed, exact equivalent of the risk assumed.

*Dalby* v. *The India & London Life Ins. Co.* 15 C. B. 365, over-ruling *Godsall* v. *Boldero*, 9 East, 72 ; see *Rawls* v. *Amer. Life Ins. Co.* 36 Barb. S. C. 357 ; also, on appeal, 27 N. Y. 282, and cases *infra.* See also *Mowry* v. *Home Life Ins. Co.* 9 R. I. 354.

Hence contracts of marine and fire insurance furnish no analogy. These being mere contracts of indemnity, the interest of the insured must exist not only at the inception of the risk but also at the time of the loss. Though, even here, if a mortgagee or a consignee who has made advances insure his own interest alone, he is not accountable for the amount received on the loss to his mortgagor or consignor. *King* v. *State Mut. Fire Ins. Co.* 7 Cush. 1 ; *Bank of South Carolina* v. *Bicknell & Skinner*, 1 Cliff. 85.

II. It is not necessary, therefore, that the party for whose benefit the insurance is effected should have· any interest in the life insured.

The contract at common law, and in the absence of any prohibitory statute, is entirely valid. *Trenton Mut. Life Ins. Co.* v. *Johnston*, 24 N. J. Law, 576 ; *Campbell* v. *Mut. Life Ins. Co.* 98 Mass. 381.

The cases in Massachusetts well illustrate the successive steps by which the court of that state, when the case arose (as above, in 98 Mass.), finally affirmed this doctrine. See *Lord* v. *Dall*, 12 Mass. 115, where a brother insured for the benefit of a sister dependent on him for support. *Loomis, Adm'r*, v. *Eagle Life & Health Ins. Co.* 6 Gray, 396, where a father insured the life of his minor son nearly of age. *Forbes* v. *Amer. Mut. Life Ins. Co.* 15 Gray, 249, where the husband· of the sister of the insured has insurable interest, — precisely the relation of the parties in this case. This relation of itself, therefore, sustains this assignment.

III. But it follows, therefore, that a sale of a life policy, with the assent of the company, at least for an actual valuable consideration, like that of any other chose in action, is a perfectly valid and unimpeachable transaction, and vests the absolute property in the purchaser. *Ashley* v. *Ashley*, 3 Sim. 149 ; *Godsal* v. *Webb*, 2 Keen, 99 ; *St. John* v. *Am. Mut. Life Ins. Co.* 2 Duer, 419 ; and on appeal, 13 N. Y. 31 ; *Valton* v. *Nat. Fund Life Ins. Co.* 20 N. Y. 32.

*February* 24, 1877. DURFÉE, C. J. This is an action for money had and received, tried to the court, jury trial being waived. It appears that on the 26th December, 1868, one Edward T. Ross got his life insured for $2,000, payable to his wife at his decease. His wife was a second wife. He had children by his former wife, but none by her. She died before him, August 21, 1871. He was then in infirm health and short of means. He did not pay one premium promptly. The company, however, accepted payment afterwards, and issued the policy anew, payable to his legal representatives. On the 2d of January, 1872, he assigned the policy to the defendant, and received the defendant's note for $125, which was paid April 10, 1872. The surrender value of the policy at the time of the assignment was $118. The defendant was Ross's brother-in-law. After the assignment, which was assented to by the insurers, the defendant paid five quarterly premiums of $25 each. Ross died March 24, 1873. The defendant collected on the policy $2,121.20. The plaintiff, who is administrator on Ross's estate, brings this action to recover that amount, less the amount of the note for $125, and the five quarterly premiums with interest.

The plaintiff claims that the assignment was made as security for a loan, and not as an absolute sale. Testimony was submitted on this point. We think the assignment was intended to be an absolute sale.

The plaintiff contends that, if the assignment was an absolute sale, it was void as against public policy, and that he is therefore entitled to recover the money received on it, less the payments aforesaid, as money received to his use. The defendant claims that the assignment, though absolute, is valid, and that he is entitled to keep the money as his own.

Upon the question thus raised there is a conflict of decision. In Massachusetts and Indiana, it has been decided that a life policy is not transferable outright to a person who has no interest in the life insured. *Stevens, Adm'r*, v. *Warren*, 101 Mass. 564; *Franklin Life Ins. Co.* v. *Hazzard*, 41 Ind. 116. A similar decision (but in a case having peculiar circumstances) has been made by the Supreme Court of the United States. *Cammack* v. *Lewis*, 15 Wall. 643. The reason given is, that it is unlawful

for a person to procure insurance for himself on a life in which he has no interest, and that therefore it is unlawful for him to take an absolute assignment of a policy upon a life in which he has no interest; for otherwise the law could always be easily circumvented by first having a person get his own life insured and then taking an assignment of the policy. And it is also argued that the gambling or wagering element is the same, and the temptation to shorten the life insured is the same, in the one case as in the other. But, on the other hand, it has been decided in England, that such an assignment is valid. *Ashley* v. *Ashley*, 3 Sim. 149, cited without disapproval by Chancellor Kent, in 3 Kent's Com. * 369, note. The reason given is, that such an assignment is not within the prohibition of the English statute, 14 Geo. III. cap. 48, and that the policy, being valid in its inception, is, like any other valid chose in action, assignable at the will of the holder, whether the assignee has an interest in the life insured or not. This view has been repeatedly affirmed in New York. *St. John* v. *Am. Mut. Life Insur. Co.* 2 Duer, 419; also in 13 N. Y. 31, on appeal; *Valton* v. *Nat. Fund Life Assurance Co.* 20 N. Y. 32; and see *Cunningham et al.* v. *Smith's Adm'r*, 70 Pa. St. 450. We think the assignment was valid. A life policy is a chose in action, a species of property, which the holder may have perfectly good and innocent reasons for wishing to dispose of. He should be allowed to do so unless the law clearly forbids it. It is said that such an assignment, if permitted, may be used to circumvent the law. That is true, if insurance without interest is unlawful; but it does not follow that such an assignment is not to be permitted at all, because if permitted it may be abused. Let the abuse, not the *bonâ fide* use, be condemned and defeated. See *Shilling, Adm'r*, v. *Accidental Death Insurance Co.* 2 H. & N. 42. It is not claimed that the parties to the assignment here in question had any design to circumvent or evade the law. Perhaps *Cammack* v. *Lewis*, 15 Wall. 643, *supra*, may be found to be a case of that kind. Again the assignment is said to be a gambling transaction, a mere bet or wager upon the chances of human life. But the wager was made when the policy was effected, and has the sanction of the law. The assignment simply transfers the policy, as any other legal chose in action may be transferred, from the holder to a *bonâ fide*

purchaser. It is true there is an element of chance and uncertainty in the transaction; but so there is when a man takes a transfer of an annuity, or buys a life estate, or an estate in remainder after a life estate. There is in all these cases a speculation upon the chances of human life. But the transaction has never been held to be void on that account. But finally it is urged that the purchaser or assignee subjects himself to the temptation to shorten the life insured, and that this the policy of the law does not countenance. The law permits the purchase of an estate in remainder after a life estate, which exposes the purchaser to a similar temptation. It has been decided, too, that a policy effected by a creditor on the life of his debtor does not expire when the debt is paid, though the holder then ceases to be interested in the continuance of the life, and is thereafter exposed to the same temptation which is supposed to beset the assignee without interest, to bring it to an end. *Dalby* v. *India & London Life Assurance Co.* 15 C. B. 365; *Law* v. *London Indisputable Life Policy Co.* 1 Kay & J. 223; *Rawls* v. *Amer. Life Ins. Co.* 36 Barb. S. C. 357; also in 27 N. Y. 282, on appeal; *Campbell* v. *N. E. Mutual Life Insurance Co.* 98 Mass. 381; *Provident Life Insurance & Invest. Co.* v. *Baum*, 29 Ind. 236.

If the danger is not sufficient to avoid the policy when the interest ceases, why should it be sufficient to avoid the assignment to an assignee without interest? The truth is, it is one thing to say that a man may take insurance upon the life of another for no purpose except as a speculation or bet on his chance of life, and may repeat the act *ad libitum*, and quite another thing to say that he may purchase the policy, as a matter of business, after it has once been duly issued under the sanction of the law, and is therefore an existing chose in action or right of property, which its owner may have the best of reasons for wishing to dispose of. There is in such a purchase, in our opinion, no immorality and no imminent peril to human life. We should have strong reasons before we hold that a man shall not dispose of his own. Courts of justice, while they uphold the great and universally recognized interests of society, ought nevertheless to be cautious about making their own notions of public policy the criterion of legality, lest, under the semblance of declaring the law, they in fact

usurp the function of legislation.  *Hilton* v. *Eckersley*, 6 El. & B. 47, 64.

We therefore decide that what ever the law of this state may be in regard to procuring insurance upon the life of another without any interest in the life insured, it does not forbid the sale and assignment of a valid policy, which is already in existence, to an assignee without interest in the life insured, when the assignment is permitted or not prohibited by the policy, and is made, not as a contrivance to circumvent the law, but as an honest and *bonâ fide* business transaction.

*Judgment for defendant for his costs.*

NOTE. — For a commentary on this case, see Amer. Law Register N. S. vol. 17, p. 83, February, 1878.