Okey, J.
A fair construction of the will requires us to say that the monument, if erected, can only be paid for out of the proceeds of Rothgeb’s personal estate existing at the time he died, and the rents of the farm during the period of twenty years thereafter. After the period of twenty years from the testator’s death, the executor had no further control over the real estate. Any direction which might be given to the executor should, therefore, have relation to such persoualty and rents.
According to well-settled principles, an executor charged with the execution of a trust, having reasonable doubt as to the disposition of funds in bis hands, has a right to apply to a court of equity for directions. Crosby v. Mason, 32 Conn. 482; Goodhue v. Clark, 37 N. H. 525; Wheeler v. Perry, 18 N. H. 307; Treadwell v. Cardis, 5 Gray, 341; Stevens v. Warren, 101 Mass. 564; Horah v. Horah, Winston’s (N. C.) L. and Eq., 2 pt. 107; Walrath v. Handy, 24 Howard’s Pr. 353. And see Collins v. Collins, 19 Ohio St. 468; Rhea v. Dick, 34 Ohio St. 420; 1 Redfield on Wills (4th ed.), 492.
In this state it is provided by statute that “ any executor, .administrator, or guardian may maintain a civil action in the court of common pleas, against the creditors, legatees, or distributees, or other parties, asking the direction or judgment of the court, in any matter affecting the tr'ust, estate, or property to be administered, and the rights of the parties in interest, in the same manner and as fully as was formerly entertained in courts of chancery.” (54 Ohio L. 202, § 8; Rev. Stat. § 6202.) See Lewin on Trusts (7th ed.), 320, 534.
*506 • .To trace the origin of that jurisdiction, or define its exact boundaries, or show the manner in which it is exercised in England and the various states, is in this case unnecessary. The executor must show that “ he is interested” in the question: Horah v. Horah. He invokes the power of the court “ for his own safety :” Goodhue v. Clark. That power “ will not be exercised except in matters of importance-:” Crosby v. Mason. And, “without an allegation that there was property on which the will could take effect certainly, the complaint does not state facts sufficient to constitute a cause of action:” Walrath v. Handy.
The amount of personal property is not stated. Neither the size of the farm, its value, nor the amount of rents-appears. Nor is there any allegation that the-debts have-been paid, or that the executor has or will ever have one-dollar which could lawfully be applied in buying a lot or erecting a monument, if we should sustain the provisions of the will on that subject. Courts do not sit to decide abstract questions, but cases involving real, substantial rights. If this is true, as it clearly is, even where the effect of the opinion sought would be necessarily confined to the parties to the suit, a fortiori the rule applies to the questions propounded here. Moreover, this objection is distinctly made in the brief of counsel for defendants, to which counsel for plaintiff'have replied; but no application has been made for leave to amend the petition.
As to the devise in the third clause of the will, it is sufficient to say that its validity or invalidity is no concern of the plaintiff. And with respect to the bequest in the fourth clause, the same objection to relief exists as in case of the lot and monument. Besides, in relation to both clauses, it does not appear that all the persons from whom the -beneficiaries should be selected are before the court.
We all think that upon the facts stated in the record, a court of equity should express no opinion as to the validity of the provisions of the will.

Petition dismissed.