LEVI N. FITTS, EXR., *vs.* NATHAN W. SHAW.

PROVIDENCE—MARCH 28, 1900.

PRESENT: Matteson, C. J., Tillinghast and Douglas, JJ.

(1) *Interpleader.   Gifts causa mortis.*

The fact that certain articles of personal property of a decedent are claimed
by one party as a gift from the decedent and by another party as the resid-
uary legatee of the decedent will not justify a bill of interpleader by the
executor against the respective claimants.   A suit at law by the alleged
donee against the executor would conclude not only the executor but the
residuary legatee as well, and no suit for the specific chattels would lie in
favor of the residuary legatee against the executor.

INTERPLEADER.   The facts are sufficiently stated in the
opinion.   Bill dismissed.

(1)     PER CURIAM.    The complainant holds two trunks, with their contents, which formerly belonged to his testatrix. They are claimed by two of the defendants respectively as gifts from the testatrix, and he alleges that they are also claimed by the residuary legatee, whom he also makes defendant to this bill.   It is evident that the relations subsisting between these parties are not those which justify a bill of interpleader.   A suit at law by one of the alleged donees against the executor would conclude not only the executor, but the residuary legatee as well; and no suit for these specific chattels would lie in favor of the residuary legatee against the executor.   The only case cited upon this point, *Stevens, Admr.,* v. *Warren,* 101 Mass. 564, decides that such a case is not properly one for interpleader. The court, however, assumed jurisdiction by consent of all the parties in interest, treating the bill as one by a trustee for instructions, and it is urged that we may do so here.   In the case cited the only question involved was one of law, and to economize time and labor the court decided it.   In the case at bar questions of fact are involved which may more properly be tried by a jury.   We conclude, therefore, that the bill must be dismissed.

*Amasa M. Eaton,* for complainant.

*Edwards & Angell, and Alfred S. Johnson,* for respondents.