WESTMINSTER BANK *vs*. ABEL T. ATHERTON.

PROVIDENCE—JULY 25, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1)  *Assignmemt of Chose in Action.  Garnishment.*

The power to assign a chose in action is not limited except in cases of fraud and cases where the rights of others have intervened, as in garnishment in actions against a debtor.

A. brought suit against B. and, pending the suit, assigned the debt to C.  A. recovered judgment.  D. thereupon brought suit against A. and attached the proceeds of the judgment obtained by A. against B.  The garnishee set up the assignment :—

*Held*, that the garnishee was not chargeable.

*Held*, further, that, if the plaintiff disputed the validity of the assignment, he might have the claimant summoned in and the question decided ; otherwise a notice of the assignment by the garnishee was sufficient to warrant his discharge.

ASSUMPSIT.  Heard on exceptions to ruling of District Court. Exceptions overruled.

STINESS, C. J.  This is a suit brought in the District Court of the Sixth Judicial District, in which judgment was rendered for the plaintiff for the debt, and the garnishee was discharged. The case is certified to this court on exceptions to the discharge of the garnishee.

The garnishee disclosed in his affidavit that at the time of the service of the writ upon him, for the purpose of attaching funds in his hands belonging to Atherton, he had money in his hands which was the proceeds of a judgment obtained by Atherton against Wm. H. Goldsmith, but that said money was claimed by Laura C. Spearing, under an assignment thereof, made April 24, 1900, which was prior to the bringing of this suit, but while the suit of *Atherton* v. *Goldsmith* was pending.  No question is made of the fact of such assignment, and we must assume from the judgment of the District Court that it was a valid assignment, as no exception on that ground is taken.

The plaintiff claims that the trustee should be held liable to

attachment in this action, because the assignment was made during the pendency of the prior action ; and that, if the debt could be assigned during the pendency of the prior action, the claimant Laura C. Spearing is estopped to set up such assignment by her failure to give notice upon the record that the debt had been so assigned.

(1)    As to the first point there can be no question that a debt may be assigned.    It is familiar practice in courts to recognize such assignments in suits brought in the name of the assignor as trustee to the assignee, and the general right to assign a *chose* in action is asserted in *Clark* v. *Allen*, 11 R. I. 439, and recognized in other cases.    See *Cross* v. *Brown, Steese & Clarke*, 19 R. I. 220.

There is no limitation of this power except in cases of fraud and cases where the rights of others have intervened, as in garnishment in actions against a debtor.    Garnishment or trustee process is a species of attachment, and clearly a debtor can no more free a claim due to him from a pending attachment by an assignment of it to another than he can free tangible property from an attachment by selling it.

The plaintiff relies on the last exception in support of the claim that the garnishee should be charged, but the case is neither within the exception nor the principle on which it rests.

In assigning his debt against Goldsmith, Atherton did not assign anything upon which this plaintiff had any legal claim. This plaintiff had no attachment on the fund, and could not in any way have controlled or affected the disposition of it ; and it is obvious that this plaintiff, which was then a simple creditor, could not have objected to a transfer of a plaintiff's debt in a suit against somebody else.

The case relied on by the plaintiff is exactly on this line (*Westbrook* v. *McDowell*, Ga. Dec. Pt. 1, p. 133) :    A. recovered judgment against B., and the latter was then served as garnishee for the amount of the debt in a suit of C. against A. B. was charged as garnishee for the sum due from him to A., and he paid the sum on execution.    Subsequently B. was held liable for the judgment in the suit of A. against him, on the ground that he had no right to pay the execution against him,

as trustee of A., because A. had transferred the debt to another after the attachment but before the payment.    On *certiorari* the Superior Court reversed this judgment for the reason that the debt could not be assigned, during the pendency of the suit, so as to affect or prejudice the rights of third persons.    Obviously it could not be transferred to defeat the attachment, and that is the point of the decision.    The court does not hold, and could not hold, that, as to third persons who have no lien on the debt, a transfer of the debt cannot be made while a suit is pending between the parties, which is the claim here made by the plaintiff.    The debt having been assigned before the present attachment, the case is within the decision of *Hanaford* v. *Hawkins*, 18 R. I. 432, where it was held that where a garnishee has notice of an assignment of a fund before he is charged, and makes the fact known to the court, he is not chargeable.

If the plaintiff disputes the validity of an assignment, he may have the claimant summoned in and the question decided. *Hanaford* v. *Hawkins*, *supra*.    Otherwise a notice of the assignment by the garnishee is sufficient to warrant his discharge.    This disposes of the second ground of exception.

In this case the debt had not only been assigned, but it had been paid ; and the garnishee held the money as trustee for Laura C. Spearing, and not for Atherton.    Consequently he was not chargeable as trustee for Atherton.

Exceptions overruled.

*Edward D. Bassett*, for plaintiff.

*George T. Brown*, for garnishee.