Hillsborough, }
Oct. 5, 1933. }

PRUDENTIAL INSURANCE COMPANY OF AMERICA
*v.*
JOSEPH L. CORRIVEAU & a.

*Thorp & Branch*, for the plaintiff.

*Albert Terrien* (by brief and orally), for Corriveau.

*Frederic E. St. Cyr* (by brief and orally), for the heirs.

ALLEN, J. No question of the insurer's liability arises. The validity of the policies is admitted. The only issue relates to the parties entitled to the insurance money.

The insurer has declined to act in pursuance of the authority given by the policies to pay the insurance money to anyone appearing equitably entitled to it. The case therefore turns on the validity of the insured's request that payment be made to Corriveau if he survived the insured. The request amounted to an assignment of the insurance in naming Corriveau as the beneficiary of the policies, subject to the insurer's exercise of its authority to pay to others.

Corriveau had no insurable interest in the insured's life, being a stranger to him with no reasonable expectation of advantage or benefit from the continuance of his life. *Mechanicks Nat'l Bank* v. *Comins*, 72 N. H. 12, 16. If Corriveau had been named as the beneficiary when the policies were issued, he would have had no right to the insurance. *Lanouette* v. *Laplante*, 67 N. H. 118. But a policy may be assigned to one having no insurable interest in the insured's life if the assignment is in good faith and not a device against wager policies. *Mechanicks Nat'l Bank* v. *Comins, supra*, 19.

No claim being made of any wagering element when the policies were issued, it follows that the insured was free to dispose of them as he saw fit. He might give them away as well as sell them. *McGlynn* v. *Curry*, 82 App. Div. 431; *First Nat'l Bank* v. *Company*, 151 Md.

241. In effect he said to Corriveau: you may have them, and the insurance money if you pay the premiums until I die, but if you die first, the policies are to be mine if then in force. The request to the insurer thus to pay the insurance perfected a gift to Corriveau of some of the insured's rights under the policies. Such a gift the insured had the right to make and Corriveau to receive.

The chance Corriveau took in paying the premiums was a speculation, but it was not a wagering transaction to accept the gift. "Most contracts have an element of gambling in them" (*Mutual Life Ins. Co.* v. *Allen*, 138 Mass. 24, 30), and the test of a wagering contract as one on a subject in which the parties have no pecuniary interest (*Clark* v. *Gibson*, 12 N. H. 386, 387), is not met. By the gift Corriveau acquired certain rights in the nature of property interests. What he did in the exercise of his judgment to make the rights of possible value to him, was a matter unrelated to their acquisition and in no sense a wager. There must be two parties to a wager as to a contract. If an assignment, without reference to the issue of a policy, may be a wagering transaction, the one here is not of such nature.

The suggestion that the policies should be exceptionally treated and their assignment barred, either in all cases or under the conditions here appearing, because of their character as industrial policies, does not invite adoption. By the "facility of payment" clause the insurer may disregard the assignment, and the special purposes of the policies to meet the insured's burial and other expenses are not interfered with or disturbed by the assignment. In *Metropolitan Life Ins. Co.* v. *Nelson*, 170 Ky. 674, the right thus to assign was held to promote rather than assault the purposes, and thus to make an exception to the rule in force in Kentucky that assignments to one without insurable interest in the insured's life are void.

*Exception overruled.*

All concurred.