Kessler *v.* Kuhns.

Filed May 26, 1891.

---

### No. 126.

### KESSLER *v.* KUHNS.

LIFE INSURANCE.—*Assignment by the Beneficiary to his Creditor of Policy Held by Him on Life of Third Person, Void.*—The holder of a valid policy upon another's life, in which such holder has an insurable interest, can not, during the lifetime of the person insured, assign the policy to a third person who has not an insurable interest in the life insured, although such holder is indebted to such proposed assignee to the full amount of the insurance ; and an agreement on the part of the assignor, in such an instance, to keep the yearly premiums paid up is void.

From the Elkhart Circuit Court.

*H. D. Wilson* and *W. J. Davis*, for appellant.

*J. H. Baker* and *F. E. Baker*, for appellee.

BLACK, J.—The appellee brought suit against Catharine Hahn and the appellant, Samuel I. Kessler. The complaint, with its exhibits, showed that on the 30th of October, 1876, the defendants, and one Jacob Hahn, executed to one Joseph H. Defrees, "for value received," a certain written instrument as follows:

"Whereas, the undersigned Jacob Hahn is indebted to Joseph H. Defrees in the sum of two thousand dollars; and, whereas, the said Jacob Hahn has effected an insurance on the life of Catharine Hahn, his wife, in the Penn Mutual Life Insurance Company, in the. sum of two thousand dollars, under policy numbered 20,558; now, therefore, for the purpose of providing means for paying off and liquidating said indebtedness, it is hereby agreed by and between the undersigned that said Jacob Hahn and Catharine Hahn assign all their title, interest, and estate, both present and prospective, in said policy of insurance, to said Joseph H. Defrees; and the said policy, when paid, shall be taken in payment of said indebtedness. The said Jacob Hahn and Catharine Hahn, and Samuel I. Kessler, hereby agree to pay each and every year the sum of twenty dollars on the premium to become due on said insurance, said sum to be payable on or before said premium becomes due and payable, according to the terms of said policy; and, if the same is not so paid, the said Defrees shall have the right to recover the same from each, or either, of the undersigned.

"JACOB HAHN.

"CATHARINE HAHN.

"Oct. 30th, 1876.               SAMUEL I. KESSLER."

It was alleged in the complaint that by this instrument said Catharine Hahn, Samuel I. Kessler and Jacob Hahn bound themselves jointly and severally to pay said Defrees the sum of twenty dollars on or before the 23d of August of each year thereafter, during the life of said Catharine, with lawful interest after maturity; that she was still in life, and no payment had been made on said obligation by

or for or on account of said Catharine, Samuel and Jacob, or any of them, except certain payments specified; that there was due and owing on said obligation two hundred and thirty-five dollars, which remained wholly unpaid; that said Joseph H. Defrees, in his lifetime, and his heirs and the assignor of the appellee and the appellee, had each severally paid all premiums which had become due and payable on said policy, and the same was still in full force and effect; that said Joseph H. Defrees died intestate, the owner and possessed of said obligation, on December 23d, 1885, at Elkhart county, in this State; that he left surviving him as his widow and his only heirs certain persons named; that one of these, named, was appointed by the court below as administrator of the estate of said intestate; that said administrator duly settled said estate in said court and paid all the debts and liabilities of said estate, which was in due form of law adjudged by said court to be settled, and said administrator was discharged as such by said court; that said obligation, above set out, remained unadministered, and descended to said widow and heirs, who became and were the lawful owners and holders of said obligation, which was delivered to them by said administrator after the settlement of said estate. It was further shown that said widow and heirs, on the 1st of October, 1886, for value received, assigned in writing said obligation to Meander and Kuhns, and that on the 30th of July, 1887, Meander, for value received, sold and in writing assigned his interest therein to Kuhns, the appellee.

It was also alleged that said Jacob Hahn died in 1878; that afterwards said Catharine, " for a valuable consideration, ratified said agreement, or obligation, and made " certain specified payments thereon, which, by the exhibit referred to in the complaint appear to have been receipted for by J. H. Defrees.

Issues were formed, the trial of which by the court re-

sulted in a finding and judgment against the appellant for ninety dollars, and in favor of the defendant Catharine Hahn.

The appellant has assigned a number of alleged errors, the first being the overruling of his demurrer to the complaint.

The demurrer raised the question of the sufficiency of the facts stated in the complaint.

It is contended on behalf of the appellant that the assignment to Defrees of the policy taken out by his debtor, Hahn, upon the life of the debtor's wife, was in the nature of a wagering contract, and contrary to public policy, and that therefore the contract sued on was not binding upon the appellant.

The position taken in argument by counsel for the appellant is, in substance, that one who holds a valid policy upon another's life, in which the former has an insurable interest, can not assign the policy to a third person who has not an insurable interest in the life insured, but to whom the holder or beneficiary is indebted to the full amount insured, the assignee not assuming the payment of the premiums.

There has been great lack of uniformity in the decisions concerning the question of insurable interest in connection with assignments of life policies.

In *Franklin Life Ins. Co.* v. *Hazzard*, 41 Ind. 116, a policy had been issued to Cone, payable in the sum of three thousand dollars to the assured, his executors, administrators and assigns. Cone sold and assigned the policy to Hazzard, who had no insurable interest in the life of Cone. The court, in the course of the opinion, said: "There can be no doubt that a policy issued to Hazzard upon the life of Cone, the former having, as in this case, no insurable interest in the life of the latter, would be absolutely void. * * * Now, if a man may not take a policy directly from the insurance company, upon the life of another in whose life he has no insurable interest, upon what principle can he purchase such policy from another? If he purchase a policy as a mere

speculation, on the life of another in whose life he has no insurable interest, the door is open to the same ' demoralizing system of gaming,' and the same temptation is held out to the purchaser of the policy to bring about the event insured against, equally as if the policy had been issued directly to him by the underwriter."

The doctrine that if the policy is valid in its inception, it may be assigned to any one, whether he have an interest in the life of the insured or not, was referred to and disapproved; and it was said : "All the objections that exist against the issuing of a policy to one upon the life of another in whose life the former has no insurable interest, seem to us to exist against his holding such policy by mere purchase and assignment from another. In either case, the holder is interested in the death, rather than the life, of the party assured. The law ought to be, and we think it clearly is, opposed to such speculations in human life. In our opinion no one should hold a policy upon the life of another in whose life he had no insurable interest at the time he acquired the policy, whether the policy be issued to him directly from the insurer or whether he acquired the policy by purchase and assignment from another. * * In this case there was but a simple purchase of the policy by Hazzard. * * By his purchase he became interested in · the early death of the assured. We are of opinion that the law will not uphold such purchase, and that the appellee acquired no right to the policy or to the sum secured thereby."

The doctrine stated in *Franklin Life Ins. Co.* v. *Hazzard,* *supra,* has met strong opposition. The preponderance of authority, however, seems to be in the same direction.

In *Warnock* v. *Davis,* 104 U. S. 775, reference was made to the conflict in the decisions, and the Indiana case above mentioned was cited and approved.

The court, by Mr. Justice FIELD, said :

" The assignment of a policy to a party not having an in-

surable interest is as objectionable as the taking out of a policy in his name. * * * If there be any sound reason for holding a policy invalid when taken out by a party who has no interest in the life of the assured, it is difficult to see why that reason is not as cogent and operative against a party taking an assignment of a policy upon the life of a person in which he has no interest."

In *Missouri Valley Life Ins. Co.* v. *Sturges,* 18 Kan. 93, one Haynes had procured a policy on his own life and had assigned it to Sturges, who had no insurable interest in the life insured. It was held that the assignee could not recover against the insurance company. *Franklin Life Ins. Co.* v. *Hazzard, supra,* was cited and approved.

In *Missouri Valley Life Ins. Co.* v. *McCrum,* 36 Kan. 146, the company had issued and delivered to one Daniel Snyder its paid-up policy on his life, payable to his two daughters. He and the beneficiaries, for a valuable consideration, assigned the policy to one who had no insurable interest in the life of the insured. It was held that the assignment was against public policy.

In *Alabama, etc., Ins. Co.* v. *Mobile, etc., Ins. Co.,* 81 Ala. 329, the appellant had issued a policy on the life of Steedman, who assigned it to his creditor, Holt, to whom, in consideration of the surrender of the policy, the appellant issued a paid-up policy payable to Holt, " assignee, his executors, administrators or assigns," the claim against the company to be subject to proof of interest. Holt assigned the policy to the appellee, by which suit was brought after the death of Steedman. It was held to be incumbent on the appellee to prove an insurable interest in the life of Steedman. It was said that the assignment of a policy of life insurance to one having no expectation of benefit or advantage from the continuance of the life of the insured, founded on relations of blood, marriage, or pecuniary interest, to one who is interested in his death, rather than his life, is obnoxious to all

objections which exist to the issue of the policy originally to such persons.

In *Basye* v. *Adams*, 81 Ky. 368, it was said : " We are unable to see why the rule recognized by all the authorities as applicable to, and which renders invalid, because against public policy, policies of life insurance taken for the benefit of a party having no insurable interest in the life of the person in whose name it is issued, should not be also applied to an assignment of a policy where the assignee has no such insurable interest."

In *Price* v. *Supreme Lodge, etc.*, 68 Tex. 361, those decisions which hold invalid an assignment of a life policy to one having no insurable interest in the life insured were regarded, in comparison with those holding to the contrary, as being based upon the more satisfactory reasoning. It was said· that the assignee in such case becomes the holder of a policy upon the life of a person whose early death will bring him ·pecuniary advantage. " The temptation to bring about this death presents itself as strongly to him as to a party who originally effects insurance for his own benefit upon the life of another."

In *Hoffman* v. *Hoke*, 122 Pa. St. 377, policies on the life of Elizabeth Bowerman, taken with her knowledge and consent, for the benefit of her sons, were assigned by the beneficiaries to Hoke and Guyer, who had no insurable interest in the life insured, but who paid all the costs and assessments on the policies. It was said that the assignment was good for nothing. Referring to the question of public policy involved, it was said to be the underlying principle of that policy that no one not interested in the life shall have the benefit of the insurance. See, also, *Stevens* v. *Warren*, 101 Mass. 564.

In *Cammack* v. *Lewis*, 15 Wall. 643, a policy for $3,000, procured by a debtor at the suggestion of a creditor to whom the assured owed $70, was assigned to the creditor to secure the debt, upon his promise to pay the premiums and one-

third of the proceeds of the policy to the widow of the assured. It was held that the assignment was valid only to the extent of what the assured owed the assignee, and such advances as the latter had made afterward on account of the policy.

In *Warnock* v. *Davis, supra,* Crosser, on procuring an insurance on his life, agreed with a firm that the latter should pay all fees and assessments, and receive nine-tenths of the proceeds of the policy. Pursuant to this agreement the assured assigned the policy to the firm, and the latter paid the fees and assessments. No fraud was intended. It was held that the firm was entitled only to the amount so advanced by it.

In *Helmetag* v. *Miller,* 76 Ala. 183, an assignment of a policy taken out by a person on his own life was held to be within the principle and reason which render void an original policy on the life of a person in whom the person taking out the policy has no insurable interest; and it was held that, whether the assignment be an absolute sale, or be by way of collateral security, it is only valid in the hands of the assignee to the extent of the money paid by him, with interest thereon. See, also, *Ruth* v. *Katterman,* 112 Pa. St. 251; *Wegman* v. *Smith,* 16 Weekly Notes Cas. 186; *Cooper* v. *Weaver,* 44 Legal Intel. 421; *Roller* v. *Moore,* 86 Va. 512 (13 Va. L. Jour. 777); *Amick* v. *Butler,* 111 Ind. 578.

In *Milner* v. *Bowman,* 119 Ind. 448, where a certificate of membership in a mutual benefit society was payable to the heirs or the legal representatives of the member, it was held that the beneficiaries had no vested interest prior to the death of the member, and that he, by an indorsement on the certificate, might designate another beneficiary having no insurable interest in the life of the member, who himself paid the dues till his death. In the opinion it was said: "When the person himself, in good faith, makes the contract, procures the insurance on his own life, and pays the premiums, it is immaterial whether the beneficiary designated by him,

or the assignee of the policy, has any insurable interest in the life of the insured or not."

In 2 May Ins. (3d ed.), section 398 A., in a discussion of the doctrine that the assignment of a policy to one without interest in the life is as objectionable as the taking out of a policy without insurable interest, it is said :

" The true line is the activity and responsibility of the assured, and not the interest of the person entitled to the funds. It is well established that a man may take out a policy on his own life, payable to any person he pleases ; and it is drawing a distinction without a difference to hold that he can not take out a policy and afterward transfer its benefits. An assignment by the beneficiary, or by an assignee, unless with the consent of the 'life,' is, however, a very different matter, and involves what seems to be the real evil that the law is blunderingly seeking to exclude, viz., the obtaining by B. of insurance on the life of A., in contradistinction to its obtainment by A. for B.'s benefit."

It does not appear by the complaint before us whether or not the policy on the life of Catharine Hahn was, by its terms, payable to the assigns of the beneficiary, or whether or not the insurance company assented to the assignment thereof. The character of the indebtedness of Jacob Hahn to the first assignee, or when or how it originated, is not shown. The date of the policy is not given, nor is it shown whether or not it was taken out for the purpose of assigning it to the creditor of the beneficiary.

It does not appear that the transaction was a matter of mere speculation on the part of the first assignee in the life of another. The instrument of assignment recites that " Jacob Hahn is indebted to Joseph H. Defrees, in the sum of two thousand dollars," the full amount of the policy ; and it provides, not for the payment of the premiums by the assignee, but by the assured and the insured and the appellant. It does not appear at what price any assignment after the first one was made.

In *Franklin Life Ins. Co.* v. *Hazzard, supra,* importance was attached by the court to the fact that the assignment was to one who bought the policy as a matter of speculation, without any insurable interest in the life insured.

When that case is considered in connection with what is said concerning the same assignment in *Franklin Life Ins. Co.* v. *Sefton,* 53 Ind. 380, it is manifest that it was intended to lay much stress upon the fact that the assignee had no insurable interest. In the case last mentioned the question was said to be " whether Hazzard could purchase the policy from Cone and take an assignment thereof from Cone to himself, for his own benefit, so as to vest the title in himself, he not having any insurable interest in the life of Cone. "This question," the learned judge goes on to say, "was before us in the case of *Franklin Life Ins. Co.* v. *Hazzard,* 41 Ind. 116, in which we decided that he could not thus take and hold the policy by assignment. * * * We might say, however, that after the death of the insured, there would seem to be no reason why the policy might not be transferred, by those having the right to make the transfer, to any one who might choose to purchase. Doubtless, also, a person may take a policy upon his own life, and, by the terms of the policy, appoint a person to receive the money in case of his death during the existence of the policy. * * * This is all in entire harmony with the proposition that a party can not take by assignment from the insured, and hold for his own benefit, a policy on the life of one in whose life he has no insurable interest." Reference was made to the statement in *Hutson* v. *Merrifield,* 51 Ind. 24, that " the party holding and owning such a policy, whether on the life of another or on his own life, has a valuable interest in it which he may assign, either absolutely or by way of security, and it is assignable like any other chose in action." Concerning this statement it was said : " Such policy is, doubtless, assignable, and assignable like any other chose in action ; but it is not stated in the opinion, nor does it necessarily

follow from what is stated, that it is assignable to a person incapable, by reason of public policy, of receiving the assignment. It may be added that where the policy-holder dies before the death of the party whose life is insured, perhaps the administrator of the holder could, for the purpose of converting the assets into money and settling up the estate in due course of law, sell the policy to any one who might choose to become the purchaser."

It can not be disputed that if the policy had been taken out by Jacob Hahn upon his own life, he might have assigned it to his creditor as collateral security. What motive influenced the taking of the policy upon the life of the debtor's wife we do not know. It has been held that at common law a person has not an insurable interest in the life of his wife, merely in the character of husband. *Charter Oak L. Ins. Co.* v. *Brant*, 47 Mo. 419. But upon this question we make no decision.

In the case before us the person whose life was insured, being under coverture, joined with her husband, the beneficiary, in the first assignment of the policy to her husband's creditor, and united with her husband and the appellant in the agreement that they would pay, each and every year, a certain sum on the premium to become due on said insurance; said sum to be payable on or before said premium should become due and payable according to the terms of said policy; and that, if the same were not so paid, said creditor, or first assignee, should have the right to recover the same from each, or either of them. It is shown that after her husband's death, she, for a valuable consideration, not otherwise stated, ratified said agreement, or obligation, and made certain payments thereon to said first assignee.

It has been held by the court below that she is not bound by the agreement to make payments on premiums. It does not appear that she consented to any of the subsequent assignments, except so far as may be said to follow because of her consent, as above shown, to the first one made to her

husband's creditor. The policy is now held under an assignment made since the death of her husband and his creditor, the first assignee, to a stranger, who has an interest in her early death, rather than in the continuance of her life. If the transaction be upheld, there is no telling who may thus become interested in her death.

We feel constrained to decide, that for the appellee to hold the policy in question, upon the life of Catharine Hahn, is contrary to public policy.

If this be so, the agreement to keep the premiums paid up for the benefit of the assignee can not be enforced by the appellee.

Therefore we must hold that the complaint does not state facts sufficient to constitute a cause of action.

The judgment is reversed with costs, and the cause is remanded, with instructions to sustain the demurrer to the complaint.

Filed May 27, 1891.