THORNBURG, ADMINISTRATRIX, ET AL. v. AETNA
LIFE INSURANCE COMPANY ET AL.

[No. 4,360.    Filed April 2, 1903.]

INSURANCE.—*Policy on Life of Another.*—*Assignment.*—The holder of
an insurance policy on the life of another, in whose life the
holder has an insurable interest, can not assign the policy, during
the lifetime of the person insured, to a third person, who has not
an insurable interest in the life insured, for the purpose of in-
demnifying the assignee as surety for the holder of the policy;
since such assignment would be contrary to public policy.

From Fulton Circuit Court; *C. H. Truesdell*, Special
Judge.

Action by Laura B. Thornburg, administratrix of the
estate of Celestian E. Thornburg, and others, against the
Aetna Life Insurance Company and another. From a
judgment in favor of cross-complainant Bernard Ryder,
plaintiffs appeal. *Affirmed.*

*E. C. Martindale* and *S. N. Stevens*, for appellants.
*H. A. Logan*, for appellees.

HENLEY, J.—The undisputed facts in this case are that
on the 16th day of June, 1886, the defendant insurance
company issued to one Bernard Ryder, one of the appel-
lees herein, a policy of insurance on the life of Catherine
Ryder, in which policy the said Ryder was named as the
beneficiary.    Bernard and Catherine Ryder were husband
and wife.    On the 14th day of August, 1886, by and with
the consent of the said insurance company, appellee Ryder
assigned said policy of insurance in writing to one Harvey
Thornburg.    This assignment was made to Thornburg to
secure him against loss on account of his having, on the
date of the assignment, became surety for the said Bernard
Ryder upon certain promissory notes.  The said notes were
renewed from time to time until the death of the said

surety, which occurred on the 24th day of January, 1892, when the notes were filed against the estate of the said surety, and were allowed and paid by the administrator of his estate. The said Bernard Ryder is insolvent, and has been insolvent at all times since the execution of said notes. The said Catherine Ryder died on the 5th day of July, 1900, with the policy of insurance in full force. The policy was a paid-up policy. Satisfactory proofs of the death of Catherine Ryder were filed with the insurance company by both Bernard Ryder and the heirs of Harvey Thornburg, more than ninety days prior to the commencement of this action. On the 9th day of November, 1900, the heirs of Harvey Thornburg commenced this action against the appellee insurance company upon the policy of insurance which had been assigned to him as aforesaid. The estate of the said Thornburg had been fully settled and closed, and his administrator, with the will annexed, discharged. On the 17th day of November, 1900, the appellee insurance company, by its bill of interpleader, waived all defenses, and paid into court the amount due on said policy, and under said bill appellee Bernard Ryder was made a defendant in this action. Proper issues were made, and a trial had, resulting in a finding and judgment in favor of appellee, Bernard Ryder, upon his answer and cross-complaint, that he is the owner of the money paid into the hands of the clerk of the court on the insurance policy sued on, and that he recover of the appellants his costs.

The sole question presented by appellants is this: Can the holder of a valid policy upon the life of another, in whose life the holder has an insurable interest, assign the policy during the lifetime of the person insured to a third person, who has not an insurable interest in the life insured, for the purpose of indemnifying the assignee as surety for the holder of the policy? This court has answered the question in the negative. The case of *Kessler*

v. *Kuhns,* 1 Ind. App. 511, is squarely in point upon every proposition argued by appellant, and it is there held that an assignment made under facts not different from the admitted facts in this case, was contrary to public policy, and would not be binding upon appellee Bernard Ryder. We are not convinced that a different rule should be adopted, and see no reason why the matter should be further discussed in this case. See, also, *Franklin Life Ins. Co.* v. *Hazzard,* 41 Ind. 116, 13 Am. Rep. 313.

The judgment of the trial court is affirmed.